Nicholson, C. J.,
delivered the opinion of the Court.
This bill was filed by complainant to enforce his vendor’s lien for the unpaid purchase-money of two tracts of land, sold at different times and under different contracts. The vendee being dead, the widow and children were made defendants.
*124 The contracts of sale were in writing; and signed, and gave such descriptions of the two tracts as would enable. a surveyor to run out and designate the land sold. The Chancellor so held, and ordered a survey to be made, and also ordered the Clerk and Master to take proof and report the balances of purchase-money due on each tract. All this was done and a report made, to which exceptions were taken, but which were properly disallowed. The report was confirmed, and the lands decreed to be sold for the satisfaction of the balance purchase-money; but the decree does not specifically direct that each tract should be sold to satisfy the balance due on the tracts respectively. This was erroneous. The contracts having been separate and independent, the vendor’s lien attached separately to the respective tracts, and they should be so sold that each tract should be subjected to the satisfaction of the unpaid balance thereof. The vendor did not have a lien for the aggregate amount of the unpaid purchase-money on both tracts, but a distinct lien on each tract for the amount unpaid on each tract.
There was no error in making the widow a party. She had a contingent interest in the surplus for her dower, and was, therefore, a proper party. The administrator had no interest in the land, and, therefore, he was not a necessary party.
The decree will be modified as herein indicated, and the cause remanded to be further proceeded in. The costs of this Court will be equally divided between the complainant and the appellant; the costs below will' be , adjudged by the Chancellor.